# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
                                 :

| | | |
|---|---|---|
| AJS CREATIONS, INC.<br>  d/b/a Grown Brilliance, | : | |
| | : | |
| | : | |
| Plaintiff, | : | **Civil Action** |
| | : | |
| v. | : | **Case No. 1:26-cv-4748** |
| | : | |
| CASADEVALL-NORTH AMERICA, | : | **COMPLAINT** |
|   LLC, CASADEVALL GROUP S.A., | : | **AND JURY DEMAND** |
|   CASADEVALL ASIA CO., LTD., | : | |
|   & CASADEVALL EXPORT, S.A.U., | : | |
| | : | |
| Defendants. | : | |
| | : | |

--------------------------------------------------------x

Plaintiff AJS Creations, Inc. d/b/a Grown Brilliance ("AJS", or "Plaintiff"), by and through the undersigned counsel, hereby files its Complaint against Casadevall-North America LLC, Casadevall Group S.A., Casadevall Asia Co., Ltd., and Casadevall Export, S.A.U. (collectively "Casadevall" or "Defendant"), and, in support thereof, alleges as follows:

## NATURE OF ACTION

1. This is an action for damages and equitable relief arising from Defendant's wrongful failure and refusal to refund substantial tariffs paid for by AJS, and for causes of action arising from defective materials and workmanship furnished by Defendant to AJS.

2.  Defendant's wrongful actions have unjustly enriched it at AJS's expense, caused AJS significant financial losses, including lost profits, and inflicted great harm to AJS's luxury brand reputation.

### PARTIES

3.  Plaintiff AJS is organized as a Delaware corporation, with its principal address at 579 Fifth Avenue, 3rd Floor, New York, New York 10017-8821.

4.  Defendant Casadevall-North America, LLC is a New Jersey limited liability company with its principal address at 50 Upper Montclair Plaza, Suite 204, Montclair, New Jersey 07043-1347.  Upon information and belief, Casadevall-North America LLC's interrelated affiliates, all having common ownership, control, intermingled operations and unity of interest together with and including the New Jersey entity, are: Casadevall Group S.A., a European entity with an office located in Barcelona, Spain; Casadevall Asia Co., Ltd., an Asian entity with an office located in Hong Kong, Republic of China; and Casadevall Export, S.A.U., a European entity with an office located in Barcelona, Spain.  All such interrelated entities are referred to herein collectively as "Defendant" or "Casadevall".

### JURISDICTION AND VENUE

5.  This Court has Federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, as Plaintiff AJS is a citizen of New York, with its principal place of business in New York County, New York; and Defendant Casadevall is a citizen of New Jersey, with

2

its principal place of business in Essex County, New Jersey. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as substantial events/omissions giving rise to the claims occurred here.

## FACTUAL BACKGROUND

7. AJS is a leading in-store and online retailer of laboratory-grown fine diamond jewelry, with its main trademarked brand being Grown Brilliance. AJS offers an extensive line of fine diamond jewelry, all distinguished by a sophisticated, luxury, contemporary aesthetic.

8. The Grown Brilliance brand (among other AJS brands) is synonymous with luxury and quality, contributing to the high-end jewelry market and building reputation and renown. Grown Brilliance is an established and prestigious brand known for diamond jewelry featuring brilliant designs and craftsmanship. The brand is extensively marketed, including at its website https://www.grownbrilliance.com.

9. Grown Brilliance's flagship store is located in the fashionable Soho district of Manhattan.

10. Defendant Casadevall is engaged in the business of being a manufacturer, exporter, importer, seller and installer of fixtures and furniture.

11. Casadevall holds itself out as being a leading brand in the marketplace for what it claims to be high-quality goods. Among those goods is millwork.

3

12.  Casadevall sold goods to AJS, including millwork, to be used exclusively for the grand opening and establishment of the flagship Grown Brilliance Soho store, for which Casadevall charged AJS nearly three-quarters of a million dollars, all of which was paid in full in installments by AJS to Casadevall.

13.  Included among the incidental costs AJS was charged by Defendant for the goods were certain duties, paid on entry number EVA-0057580-6 under the Harmonized Tariff Schedule of the United States ("HTSUS"), being a 20% duty under HTSUS subheading 9903.01.24 in the amount of $52,192.96, plus a 10% duty under HTSUS subheading 9903.0125 in the amount of $26,096.13, for a total of $78,289.09.

14.  The subject tariffs, imposed under the International Emergency Economic Powers Act ("IEEPA"), were held unlawful by the U.S. Court of International Trade, which ruling was upheld on appeal by both the U.S. Court of Appeals for the Federal Circuit and the U.S. Supreme Court.  Accordingly, the subject IEEPA tariffs are fully refundable.

15.  Upon information and belief, Casadevall either has or will shortly apply for full refunds of the subject IEEPA tariffs, together with statutory interest payable at the rate of six percent (6%) on an annualized basis from on or about September 1, 2025.

16. AJS has demanded, and Casadevall has failed and refused, in bad faith and unfair dealing, to refund the subject tariffs, paid by AJS as part of the purchase price for the goods, upon their receipt by Casadevall.

17. The millwork furnished by Casadevall to AJS was defective, and Casadevall has failed and refused, in bad faith and unfair dealing, to remedy such defects at its cost and expense despite demands by AJS, resulting in substantial damages to AJS.

18. Among such substantial damages, as a direct and proximate result of the unremedied millwork defects, the grand opening of the Grown Brilliance Soho store was delayed, causing AJS to lose substantial profits in an amount to be determined.

**COUNT ONE**
**<u>UNJUST ENRICHMENT</u>**

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

20. Defendant has been unjustly enriched by its acts and omissions as aforesaid, all to the detriment and damage of Plaintiff.

21. It is inequitable and unjust for Defendant to be so unjustly enriched at the expense of Plaintiff.

22. Plaintiff is entitled to restitution for the reasonable value of the benefits which Defendant has unjustly received and retained.

**WHEREFORE,** Plaintiff demands judgment against Defendant for restitution, and the imposition of a constructive trust for Plaintiff's benefit in an amount sufficient to make Plaintiff whole, plus interest, costs, fees and expenses, including reasonable attorneys' fees, together with such other and further relief as this Court deems just and proper.

## COUNT TWO
## FRAUDULENT INDUCEMENT

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 as if fully set forth herein.

24. Defendant made material misrepresentations to Plaintiff, including but not limited to the representation that it would stand by its products and services.

25. Defendant knew these representations were false at time they were made, as evidenced by its concealed intention not to honor its promises to Plaintiff.

26. Defendant intended for Plaintiff to rely on the aforesaid misrepresentations, as evidenced by its concealed intention not to honor its promises.

27. Plaintiff reasonably relied on Defendant's misrepresentations as evidenced by, *inter alia*, its payment in full to Defendant for goods and services that were ultimately determined to be defective.

28. As a direct and proximate result of Defendant's fraudulent inducement, Plaintiff suffered substantial loss and damages, including direct financial losses and

lost profits Plaintiff would have earned from sales had Defendant not misled Plaintiff, and reputational harm.

29.   For its intentional misconduct as aforesaid, Defendant is liable for punitive damages in the amount of at least One Million Dollars ($1,000,000).

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages sustained, plus punitive damages, and the imposition of a constructive trust for Plaintiff's benefit in an amount sufficient to make Plaintiff whole, plus interest, costs, fees and expenses, including reasonable attorneys' fees, together with such other and further relief as this Court deems just and proper.

## COUNT THREE
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

30.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 as if fully set forth herein.

31.  Plaintiff had reasonable expectations of entering into prospective business relations with customers for luxury retail diamond jewelry sales.

32.  Defendant had knowledge of Plaintiff's reasonable expectations in that it was at all times aware the Soho location was to be the premier flagship store of the Grown Brilliance luxury diamond jewelry brand and needed to be timely opened.

33.   Defendant intentionally interfered with these prospective relations through wrongful and improper means, including fraudulent inducement as aforesaid

and wrongful economic self-interest, knowing or recklessly disregarding the harm that would occur to Plaintiff.

34. But for Defendant's tortious interference, Plaintiff would have realized these prospective economic advantages, including lucrative retail sales.

35. As a direct and proximate result, Plaintiff has suffered damages, including lost profits, diminished brand value, and forgone opportunities, in an amount to be determined.

36. Plaintiff is entitled to compensatory damages and punitive damages due to Defendant's willful misconduct.

37. For its intentional misconduct as aforesaid, Defendant is liable for punitive damages in the amount of at least One Million Dollars ($1,000,000).

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages sustained, plus punitive damages, and the imposition of a constructive trust for Plaintiff's benefit in an amount sufficient to make Plaintiff whole, plus interest, costs, fees and expenses, including reasonable attorneys' fees, together with such other and further relief as this Court deems just and proper.

## COUNT FOUR
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING

38. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 37 as if fully set forth herein.

39.   By reason of the foregoing, Defendant is liable to Plaintiff for breach of the covenant of good faith and fair dealing implicit in the transactions between them.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages sustained, and the imposition of a constructive trust for Plaintiff's benefit in an amount sufficient to make Plaintiff whole, plus interest, costs, fees and expenses, including reasonable attorneys' fees, together with such other and further relief as this Court deems just and proper.

**COUNT FIVE**
**INJURY TO BUSINESS REPUTATION**
**(NEW YORK GENERAL BUSINESS LAW § 360-L)**

40.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

41.   By virtue of Defendant's acts and omissions as aforesaid having directly and proximately caused substantial delay in the grand opening of the Grown Brilliance flagship Soho store, Defendant has caused diminution in Plaintiff's trademarked brand by harming Plaintiff's luxury identity and tarnishing its reputation in the competitive luxury jewelry market.

42.   As a direct and proximate result of Defendant's acts and omissions as aforesaid, Plaintiff incurred substantial measurable harm, including diminishment in trademarked brand value and loss of potential business opportunities, resulting in lost sales and profits in an amount to be determined.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages sustained, for injunctive relief, and the imposition of a constructive trust for Plaintiff's benefit in an amount sufficient to make Plaintiff whole, plus interest, costs, fees and expenses, including reasonable attorneys' fees, together with such other and further relief as this Court deems just and proper.

**COUNT SIX**
**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**(NEW YORK UNIFORM COMMERCIAL CODE § 2-314)**

43.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42 as if fully set forth herein.

44.  In making the sales of goods to Plaintiff as aforesaid, Defendant impliedly warranted that such goods were merchantable.

45.  Such warranty was neither modified nor excluded.

46.  Defendant seller is a merchant which regularly deals in goods of that kind, and/or held itself out as having specialized knowledge about those specific goods.

47.  Said goods were not merchantable, in that they were not fit for their intended purposes.

48.  The implied warranty of merchantability was thereby breached by Defendant, all to the detriment and damage of Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages sustained, plus interest, costs, fees and expenses, including reasonable attorneys' fees, together with such other and further relief as this Court deems just and proper.

**COUNT SEVEN**
**BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE (NEW YORK UNIFORM COMMERCIAL CODE § 2-315)**

49.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 48 as if fully set forth herein.

50.   In making the sales of goods to Plaintiff as aforesaid, Defendant impliedly warranted that such goods were fit for their particular purpose.

51.   Such warranty was neither modified nor excluded.

52.   Defendant as seller had reason to know the particular purpose for which Plaintiff as buyer needed the goods.

53.   Defendant as seller had reason to know that the Plaintiff as buyer was relying on the Defendant seller's skill and/or judgment to select suitable goods.

54.   The Plaintiff as buyer relied on the Defendant seller's skill and/or judgment, and such reliance was reasonable in the circumstances.

55.   Said goods were not fit for their intended purposes.

56.   The implied warranty of fitness for a particular purpose was thereby breached by Defendant, all to the detriment and damage of Plaintiff.

11

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages sustained, plus interest, costs, fees and expenses, including reasonable attorneys' fees, together with such other and further relief as this Court deems just and proper.

## COUNT EIGHT
## PROMISSORY ESTOPPEL

57. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 56 as if fully set forth herein.

58. Defendant made clear, definite and unambiguous promises to Plaintiff that it would stand by its product and labor with respect to the millwork, but has failed and refused to honor its promises, all to the detriment and damage of Plaintiff, including but not limited to substantial lost profits in an amount to be determined.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages sustained, and the imposition of a constructive trust for Plaintiff's benefit in an amount sufficient to make Plaintiff whole, plus interest, costs, fees and expenses, including reasonable attorneys' fees, together with such other and further relief as this Court deems just and proper.

## COUNT NINE
## DECLARATORY JUDGMENT

59. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 58 as if fully set forth herein.

60.  Plaintiff and Defendant entered into enforceable transactions pursuant to which Plaintiff was required to pay Defendant for specific goods (determined to be defective) and services, plus charges incidental thereto including refundable tariffs.

61.  An actual and justiciable controversy exists between Plaintiff and Defendant concerning the parties' respective rights and obligations.

62.  Plaintiff therefore seeks a declaration that Defendant's failures and refusals to: (a) refund the aforesaid tariffs to Plaintiff; and (b) honor its promises, both express and implied, concerning the millwork as aforesaid, are wrongful.

**WHEREFORE**, Plaintiff demands judgment declaring its rights, and Defendant's obligations and responsibilities to Plaintiff, including liability for damages sustained by Plaintiff, and the imposition of a constructive trust for Plaintiff's benefit in an amount sufficient to make Plaintiff whole, plus interest, costs, fees and expenses, including reasonable attorneys' fees, together with such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues in this action so triable.

<table>
<tr><td></td><td>/s/ Richard W. Grohmann</td></tr>
<tr><td>Dated:  June 05, 2026</td><td>Richard W. Grohmann<br>Attorney for & General Counsel to Plaintiff<br>AJS Creations, Inc. d/b/a Grown Brilliance<br>579 Fifth Avenue, 3rd Floor<br>New York, New York 10017-8821<br>Telephone: (212) 575-7701 x8510<br>Richard.Grohmann@grownbrilliance.com</td></tr>
</table>

13